STATE EX REL. FOUTS *v.* REED, JUDGE.

[No. 27,877.   Filed June 23, 1943.   Mandate modified
September 20, 1943.]

*Arthur Metzler* and *Louis B. Ewbank,* both of Indianapolis, and *Charles C. Campbell,* of Rochester, for relator.

*William H. Deniston* and *Brown & Brown,* all of Rochester, and *White, Wright & Boleman,* of Indianapolis, for respondent.

SHAKE, J.—It appears from the petition and response that Joseph H. Fouts of Fulton County, died April 19, 1943, survived by his widow, Lennie Jane Fouts, who was his third and childless wife, and by the relator,

Frank Fouts, an adopted son. A purported will was admitted to probate but is being contested for unsoundness of mind and undue influence. The named executrix, who is the daughter of the widow by another marriage, has qualified. It further appears that about two weeks before his death, Joseph H. Fouts transferred $5,000 of his funds on deposit in the Farmers & Merchants Bank of Rochester, Indiana, to the joint account of himself and wife, or the survivor.

On May 24, 1943, the relator instituted an action in the Fulton Circuit Court, naming as defendants Lennie Jane Fouts and said bank. It was charged in the complaint that at the time said joint account was established Joseph H. Fouts was of unsound mind and under duress, and there was a prayer that said bank account be declared to be an asset of the estate of the decedent.

In due time the bank appeared to this action and filed an answer in which it alleged that it was merely the custodian of the fund represented by said bank account and that it had no interest therein. It showed that it had paid the amount of the joint account to the clerk "subject to the final determination of this action or the judicial distribution of said funds to the persons lawfully entitled thereto."

On June 7, 1943, Lennie Jane Fouts filed in said cause, and under the same case number, a petition for an order directing the clerk to pay said funds to her. The clerk answered that he was unable to comply with the demand of Mrs. Fouts because of the "notation, direction and instructions" accompanying such deposit. He asked the court for proper directions. The court set Mrs. Fouts' petition for hearing the following morning and notified counsel for relator to that effect. Counsel for the relator objected to the hearing on the grounds that the petition constituted a cross-complaint and that

no issues had been formed and no notice given to their client. Counsel for Mrs. Fouts contended, on the other hand, that the petition constituted a distinct action between their client and the clerk, and that Mrs. Fouts was entitled to receive the money on deposit with the clerk since no restraining order had been asked for in the relator's complaint. The court overruled relator's objections against proceeding with the hearing. Relator's attorneys then asked to be permitted to enter a special appearance, which was likewise denied. Thereupon, the relator filed an affidavit for a change of venue from the judge, alleging that he could not have a fair and impartial trial "of the cause or the petition of defendant, Lennie Jane Fouts, upon the Clerk of this Court for the payment of money," on account of the bias and prejudice of said judge. Pending a ruling on the motion for a change of venue, the court directed that the petition of Mrs. Fouts be given another number and docketed as a separate cause, after which a change of venue was granted in the principal action. Application was then made to this court for a writ of prohibition to restrain the respondent judge from taking any further action on the petition of Mrs. Fouts. To maintain the status until the matter could be heard on the merits, we issued a temporary writ.

The respondent says that the petition filed by Mrs. Fouts constituted an independent action against the clerk in no wise connected with the relator's suit; that relator is neither an actual or necessary party to Mrs. Fouts' action and that he never took any steps to intervene therein; and that the action of the respondent judge in ordering the petition of Mrs. Fouts to be docketed as a separate cause, after the motion for a change of judge was filed, was, at most, an erroneous exercise of discretion and not outside his jurisdiction.

We cannot agree with the respondent's contentions. The subject-matter of the litigation, including the issue presented by the petition filed by Mrs. Fouts, as well as that offered by the relator's complaint, was the same, namely, whether the proceeds of the joint bank account were assets of the decedent's estate or the personal property of Mrs. Fouts. Had the respective claims to the money been filed as separate proceedings it would have been quite proper to consolidate them. There was no occasion for a restraining order, since the funds were already in *custodia legis* and, therefore, subject to the orders of the court when Mrs. Fouts filed her petition.

The respondent judge exceeded his jurisdiction when he docketed the petition filed by Mrs. Fouts as an independent action and set it down for hearing before himself, after a motion for a change of judge had been filed. The motion for a change of venue has already been sustained and the jurisdiction of the entire subject-matter will be in the special judge appointed pursuant thereto. The respondent judge is without jurisdiction further than to strike out the order purporting to docket Mrs. Fouts' petition as a separate suit and to take such further steps as may be necessary to complete the change of venue asked for by the relator, which he is directed to do.

The temporary writ heretofore issued is made permanent.

NOTE.—Reported in 49 N. E. (2d) 342.